IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02562-BNB

DWAYNE FOWLES,

     Applicant,

v.

DEBORAH DENHAM, Warden, FCI-Englewood,

     Respondent.

---

## ORDER OF DISMISSAL

---

     Applicant, Dwayne Fowles, is in the custody of the Federal Bureau of Prisons at the Federal Correctional Institution in Englewood, Colorado.  He initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  (ECF No.1).  Mr. Fowles has paid the $5.00 filing fee.

     The Court construes the Application liberally because Mr. Fowles is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court does not advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, this action will be dismissed.

     In the § 2241 Application, Mr. Fowles challenges the procedures used to deny him vested good time credits as a violation of due process.  (ECF No. 1, at 2).  He asks the Court to order Respondent to expunge Incident Report No. 2492696 and to restore 27 days of forfeited good time credits.  (*Id.* at 5).  In a "Motion for Exhausted Administrative Remedies" (ECF No. 3), Mr. Fowles explains the factual basis of his due

process claim as follows:

> Applicant . . . received an incident report for code 200 (escape from a non-secure institution with subsequent voluntary return to Bureau of Prisons Custody within four hours) and 307 (refusing to obey an order).  The UDC hearing was conducted beyond the time frame of 5 work days, allegedly due to Annual Firearms Training.  However, Jeff Krieger, Warden at F.C.I. Pekin, Illinois, stated: "Although prior approval was not granted to extend the UDC time frame for the UDC conducted September 22, 2013, for incident report 2492696, I would have approved the delay at that time and am approving it now."  See (Attachment ) dated August 20, 2014.
> . . . .
> On September 5, 2014, the applicant received a Memorandum from K. Nikes Discipline Hearing Officer (DHO) which stated: The above incident report was remanded for reconsideration pursuant to an appeal.  The remand was based on the discipline packet not containing a warden's approval extending the UDC time frame.  The Warden has approved the UDC time frame retroactively.  The original hearing is upheld."  See (attachment 2), dated on September 5, 2014.

(ECF No. 3, at 1-2; *see also id.* at 4, 5).  The September 5, 2014 Memorandum further advises Applicant that he has 20 days to submit an Administrative Remedy Appeal to the North Central Regional Office. (*Id.* at 5).

Mr. Fowles initiated this action on September 16, 2014, without first exhausting his available administrative remedy.  Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241.  *See Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010); *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam).  The exhaustion requirement is satisfied through proper use of the available administrative procedures.  *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (discussing exhaustion of administrative remedies in the context of 42 U.S.C. § 1997e(a)).  A federal court may deny a § 2241 application on the merits without resolving the exhaustion question.  *See Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000).

2

Mr. Fowles claims in the Application that the warden's approval extending the UDC hearing time frame violated his due process rights under *Wolff v. McDonnel*, 418 U.S. 539 (1974).

"It is well settled 'that an inmate's liberty interest in his earned good time credits cannot be denied without the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment.'" *Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 811 (10th Cir. 2007) (applying law to federal prisoner) (quoting *Mitchell v. Maynard*, 80 F.3d 1433, 1444 (10th Cir.1996) (internal quotation marks and citation omitted)).  However, "[p]rison disciplinary  proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

> Where a prison disciplinary hearing may result in the loss of good time credits, . . . the inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.

*Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985) (citing *Wolff*, 418 U.S. at 563-67).

Moreover, to comport with due process, there must be *some* evidence to support a disciplinary conviction.  *Hill*, 472 U.S. at 454.  "Ascertaining whether this standard is satisfied does not require examination of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455-56.  A disciplinary board's decision can be upheld by a reviewing court "even if the evidence

3

supporting the decision is 'meager.'" *Mitchell*, 80 F.3d at 1445 (10th Cir. 1996) (quoting *Hill*, 472 U.S. at 457).

In the Application, Mr. Fowles does not contend that the procedural requirements mandated by *Wolff* were not met in this case.  Instead, he argues that the timing of his UDC hearing did not comport with federal regulations.  However, "a failure to adhere to administrative regulations does not equate to a constitutional violation."  *See Hovater v. Robinson*, 1 F.3d 1063, 1068 n. 4 (10th Cir.1993) (citing *Davis v. Scherer*, 468 U.S. 183, 194 (1984)); *see also Diaz v. McGuire*, No. 05-3149, 154 F. App'x 81, 84-85 (10th Cir. Nov. 14, 2005) (recognizing that prison regulations are "primarily designed to guide correctional officials in the administration of a prison . . . not [ ] to confer rights on inmates"; and stating that the process which is due is measured by the due process clause).  A review of an Applicant's disciplinary proceeding is "limited to whether the three steps mandated by *Wolff* were followed and whether there was some evidence to support the disciplinary committee's findings." *Mitchell*, 80 F.3d at 1445. *Wolff* requires only that Applicant be provided with advance written notice of the charges against him within twenty-four hours prior to the disciplinary hearing.  *Wolff*, 418 U.S. at 563-66.

Mr. Fowles does not dispute that he received written notice of the charges on September 15, 2013, and that the DHO hearing was held on September 25, 2013.  (*See* Disciplinary Hearing Officer Report; ECF No. 3, at 11).  As such, the *Wolff* requirement was met.  Mr. Fowles does not allege any other procedural deficiencies in his prison disciplinary proceeding and the DHO Report reflects that the due process requirements of *Wolff* and *Hill* were satisfied.  (*Id.* at 11- 14).  Accordingly, the due process claim will be denied.

In the Application, Mr. Fowles also seeks "[a] quantum change in his level of custody back to minimum custody." (ECF No. 1, at 3).  A federal inmate's challenge to his custody classification implicates the conditions of his confinement and must be brought in an action under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  *See Boutwell v. Keating,* 399 F.3d 1203, 1209 (10th Cir. 2005) (stating that a "challenge to a transfer from one security level to another or from one prison to another is cognizable [in a civil rights action]"); *Stank v. Quay*, No. 09-1214, 356 F. App'x 208 (10th Cir. Dec. 16, 2009) (unpublished).  Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1), filed by Applicant Dwayne Fowles, on September 16, 2014, is DENIED.  The due process claim asserting an untimely UDC procedure is DISMISSED WITH PREJUDICE.  Mr. Fowles' claim challenging his security classification is DISMISSED WITHOUT PREJUDICE.  Applicant may initiate a civil rights action to assert the security classification claim, but he must pay the applicable $400.00 filing fee, or file a Prisoner's Motion and Affidavit to Proceed Pursuant to 28 U.S.C. § 1915.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* is denied for the purpose of appeal.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Fowles files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED September 26, 2014, at Denver, Colorado.

BY THE COURT:


s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court